(119 App. Div. 673)

GRIFFIN v. BELL.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

HIGHWAYS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
In an action to recover for injuries resulting in the death of plaintiff's intestate through being struck by defendant's horse, the questions of defendant's negligence and of deceased's contributory negligence *held* for the jury.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 473.]

Appeal from Trial Term, Chenango County.

Action by Catherine Griffin, as administratrix, etc., against Oscar G. Bell. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, plaintiff appeals. Reversed.

The action is to recover damages for death of plaintiff's intestate claimed to have been caused by the negligence of defendant.

The Delaware, Lackawanna & Western Railroad passes through the village of Norwich, and across Rexford street in said village in a northerly and southerly direction. Plaintiff's intestate was a flagman at said street. Upon the 1st day of August, 1901, he was struck by the defendant's horse, which was being driven by the defendant across the said crossing, and was injured and thereafter died from the said injuries. At the trial the plaintiff was nonsuited. From the judgment entered upon this order of nonsuit, and from the order denying the plaintiff's motion for a new trial, this appeal has been taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William H. Sullivan (Hubert C. Stratton, of counsel), for appellant. Wordsworth B. Matterson (Harvey D. Hinman, of counsel), for respondent.

SMITH, P. J. In our judgment this case presents a question of fact for the jury, rather than a question of law for the court. The engine had been detached from the train, and had just passed the crossing going to the north. The flagman was there at his station waving his flag. A short distance north of the crossing, the engine went over by a switch upon the other track, and came then southerly, recrossing the street. A team was upon the west of the crossing as the engine passed over to the north. The deceased beckoned the driver of this team to pass over, and stepped a little to the north, that he might pass. Thereafter he stepped back to the center of the road, and was at his post of duty, when he was struck by the defendant's horse and injured. The defendant was approaching the crossing from

the east, and stopped some 150 or 200 feet from the crossing. He had a strong, nervous horse. He claims that he did not see the flagman in his position giving him warning of the approach of the engine, and proceeded to cross. Just before reaching the crossing, the engine appearing upon the north side of the street, his horse shied, made a lunge, knocked over the plaintiff's intestate, and got across the track just in time to save the wagon from being struck. There is some evidence to the effect that the deceased did not look eastwardly after going back into the road, but that he looked simply to the west. The evidence shows, however, that he stood in the middle of the road, the place in which he should have stood, waving his flag as ·the defendant approached him. Defendant's counsel in his brief insists that there was no evidence that the flag was being waved at that time. Such evidence appears distinctly in the evidence of Patrick Nolan, and it is assumed by the court, in the decision of this motion, that the deceased was at his post waving his flag when he was struck by the horse. Whether the defendant was negligent in not heeding the warning of the flagman, when he was approaching the crossing, would seem to us a fair question of fact for the decision of a jury, and whether the deceased exercised reasonable care in failing to take greater heed of a team coming from the east, while he was swinging his flag and giving warning of an approaching engine, appears to us also to have been a question for the jury to determine. We are of opinion, therefore, that the trial judge improperly determined this question as a matter of law, and should have left it to the jury to determine as a matter of fact.

Judgment and order should therefore be reversed, and a new trial granted with costs to appellant to abide event. All concur.